IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**MATTHEW ACCOUNTIUS,**

       **Plaintiff,**

**v.**                                                       **Civil Action No. 3:13-CV-04559-M-BK**

**WELLS FARGO BANK, NA,**

       **Defendant.**

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to Special Order 3, this cause came before the undersigned for pretrial management. Plaintiff originally filed this action in state court in September 2013, raising claims of breach of contract and quiet title and seeking a declaratory judgment and injunctive relief in connection with the impending foreclosure of his home. (Doc. 1-3 at 7-11). Defendant filed its *Motion to Dismiss* on March 26, 2014. (Doc. 10). Plaintiff, who is represented by legal counsel, was required to file his response, if he opposed the relief requested, by April 16, 2014, but he did not do so. *See* N. D. TEX. LOCAL RULE 7.1(e) (establishing 21-day deadline for filing responses to motions). Due to Plaintiff's failure to respond to Defendant's *Motion to Dismiss*, this Court issued an *Order to Show Cause*, warning him that he risked the dismissal of his case pursuant to Defendant's motion and/or for failure to prosecute. (Doc. 7). Plaintiff was ordered to show cause by May 12, 2014, why he did not respond to Defendant's motion to dismiss his case. That deadline has now passed, and Plaintiff did not respond as ordered.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Plaintiff failed to respond to Defendant's dismissal motion and failed to comply with this Court's *Order to Show Cause*.  Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case.  *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).  Here, however, the four-year statute of limitations applicable to Plaintiff's breach of contract and quiet title claims does not appear to expire until 2017, based on when the non-judicial foreclosure sale of his home occurred.  *Nat'l City Bank of Indiana v. Ortiz*, 401 S.W.3d 867, 885-86 (Tex.App.–Houston [14 Dist.], 2013) (breach of contract statute of limitations); *Poag v. Flories*, 317 S.W.3d 820, 825 (Tex. App.– Fort Worth 2010) (quiet title statute of limitations).  As for Plaintiff's request for declaratory relief, when a state-filed declaratory judgment action is removed to federal court, it is converted into an action brought under the federal Declaratory Judgment Act.  *Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, *5 n.11 (N.D. Tex. 2011) (Fitzwater, C.J.).  However, the availability of a declaratory judgment depends upon the existence of an underlying judicially remediable right.  *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).  Thus, Plaintiff is not precluded from again seeking declaratory relief if he timely files the appropriate substantive claim.  Finally, Plaintiff's request for an injunction to prevent the sale of his property is moot because the sale already has occurred.  (Doc. 1-6 at 1).  In short, dismissal of this case without prejudice will not unfairly affect Plaintiffs' legal interests.  Accordingly, the District Court should dismiss this action without prejudice for lack of prosecution and for failure to comply

with a Court order.

**SO RECOMMENDED** on May 20, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE